Jacob L. Houmand, Esq. (CA Bar No. 280926)
Email: jhoumand@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:   702/720-3370
Facsimile:   702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No. 24-cv-01251-DMR |
| EDWARD R. STOLZ, et al., | **RESPONSE TO ORDER DATED JULY 30, 2024** |
| Plaintiffs, | |
| v. | Date of Hearing:  September 26, 2024<br>Time of Hearing:  1:00 p.m.<br>Place:  Via Videoconference |
| RYAN J WORKS, et al., | |
| Defendants. | Judge: Honorable Donna M. Ryu[1] |

Shelley D. Krohn (the "Trustee"), the duly appointed Chapter 7 Trustee in the bankruptcy case *In re Edward R. Stolz, II,* Case No. BK-S-24-10385-ABL, currently pending in United States Bankruptcy Court, District of Nevada, by and through her counsel of record, Jacob L. Houmand, Esq. of the Houmand Law Firm, Ltd., hereby submits this *Response to Order Dated July 30, 2024* (the "Order"). The Response is based on the pleadings and papers on file herein, and any argument that may be entertained at the hearing on the Order.[2]

. . .

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

[2] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-referenced case, as well as affiliated bankruptcy and state court cases, pursuant to Federal Rule of Evidence 201.

-1-

## MEMORANDUM OF POINTS AND AUTHORITIES

After multiple attempts to resolve a Motion to Withdraw filed by counsel of record for Edward R. Stolz, II ("Mr. Stolz"), this court issued the Order requiring the plaintiffs to appear so that the Court may address several pending issues in this case. The Trustee files this Response to aid the Court in resolving the issues before it.

On November 14, 2023, Mr. Stolz filed a voluntary bankruptcy (the "Bankruptcy Case") pursuant to Chapter 13 of Title 11 of the United States Code in the Central District of California. On January 24, 2024, venue in the Bankruptcy Case was transferred to the United States Bankruptcy Court for the District of Nevada. On March 18, 2024, the United States Bankruptcy Court for the District of Nevada entered an *Order Granting Emergency Motion to Convert Case to Chapter 7* [ECF No. 53] (the "Conversion Order") that converted Mr. Stolz's bankruptcy case from Chapter 13 to Chapter 7. That same day, the Trustee was appointed as the Chapter 7 Trustee to administer Mr. Stolz's bankruptcy case. After the entry of the Conversion Order, the Trustee became the only party with the authority to prosecute the claims at issue in this case. The Trustee is also the only party authorized to manage and operate Royce International Broadcasting, Inc. ("Royce") as Mr. Stolz is its sole shareholder.

Pursuant to 11 U.S.C. § 541(a)(1), a cause of action in which the debtor has a legal interest on the petition dates constitutes the property of the debtor's bankruptcy estate. *Smith v. Athur Andersen LLP,* 421 F.3d 989, 1002 (9th Cir. 2005). *Sierra Switchboard v. Westinghouse Elec. Corp.,* 789 F. 2d 705, 707 (9th Cir. 1986); *Schnelling v. Thomas (In re Agribiotech, Inc.)*, 319 B.R. 216, 219 (D. Nev. 2004). Claims for legal malpractice are property of a debtor's bankruptcy estate. *In re Mannie*, 299 B.R. 603, 607 (Bankr. N.D. Cal. 2003). Such claims are protected by the automatic bankruptcy stay contained in 11 U.S.C. § 362 *et seq.* and a Debtor's filing and prosecution of such claims are violation of the automatic stay. *Id.* The automatic stay is "self-executing, effective upon the filing of the bankruptcy petition," and it acts as "an injunction issuing from the authority of the bankruptcy court." *Gruntz v. County of Los Angeles* (*In re Gruntz* ), 202 F.3d 1074, 1081–82 (9th Cir.2000) (en banc). Accordingly, actions taken in

violation of the automatic stay, including judicial proceedings, are void. *Id. (citing Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir.1992)).

A bankruptcy trustee is the representative of the bankruptcy estate and has exclusive standing to enforce the estate's legal claims. *See* 11 U.S.C. § 323(a) ("The trustee in a case under this title is the representative of the estate."). She has the "authority to act for the benefit of the estate and may sell the cause of action, prosecute it in nonbankruptcy court, settle it, or abandon it to the debtor as of inconsequential value to the estate." *Lopez v. Specialty Restaurants Corp.* (In re Lopez), 283 B.R. 22, 32–33 (9th Cir. BAP 2002). "When the trustee does have standing to assert a debtor's claim, that standing is exclusive and divests all creditors of the power to bring the claim." (*Ahcom, Ltd. v. Smeding* (9th Cir.2010) 623 F.3d 1248, 1250.)

11 U.S.C. § 348(f)(1)(A) provides that following conversion of a bankruptcy case from chapter 13 to chapter 7 "property of the estate in the converted case shall consist of property of the estate, as of the date of the filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion."

Here, the complaint filed by the plaintiffs alleges that the defendants committed malpractice after they were retained on or about March 1, 2023. Mr. Stolz's bankruptcy petition was filed on November 14, 2023. As a result, there is no dispute that any claims for malpractice against the defendants are property of Mr. Stolz's bankruptcy estate.

Royce appears to be owned entirely by the Debtor, per documents filed under penalty of perjury in Nevada Bankruptcy Court. Where a corporation is entirely owned by a debtor, the Trustee succeeds to the Debtor's rights to manage that entity. *See e.g. B&M Land and Livestock, LLC*, 498 B.R. 262 (Bankr. D. Nev. 2013) (holding a Chapter 7 Trustee appointed in a case where a debtor has a membership interest in a single-member limited liability company automatically has the right to manage that company without the need to take further actions to comply with state law); *see also In re Cleveland*, 519 B.R. 304, 306 (D. Nev. 2014 ("Numerous bankruptcy courts have held, and the Court agrees, that where a debtor has a membership interest in a single-member LLC and files a petition for bankruptcy under Chapter 7, the Chapter 7 trustee succeeds to all of the debtor's rights, including the right to control that entity, and a trustee need not take

any further action to comply with state law before exercising such control."); *In re Albright*, 291 B.R. 538 (Bankr. D. Colo 2003) (holding that a debtor's bankruptcy filing, where the debtor was the only member of a limited liability company, effectively assigned her entire membership interest in the limited liability company to the bankruptcy estate, and the Chapter 7 Trustee obtained all of the rights to control management of the limited liability company).

Since Royce is wholly owned by Mr. Stolz, his rights to manage and direct Royce are assets of the bankruptcy estate. Consequently, the Trustee is the party empowered to act on behalf of Royce. Unfortunately, Mr. Stolz has not been responsive to multiple requests for information from the Trustee following the conversion of his bankruptcy case to Chapter 7. Mr. Stolz has not appeared at multiple Section 341(a) Meetings of Creditors and has failed to comply with numerous court orders, including an order that required him to turnover proceeds from the unauthorized sale of real estate. The Trustee has also commenced an adversary proceeding to deny Mr. Stolz a discharge under various provisions of 11 U.S.C. § 727.

The Trustee has been working diligently to investigate the allegations that have been made by Mr. Stolz in the complaint. This has included contacting the defendants who were unaware that they were named as defendants in this lawsuit. One defendant disputes whether they had an attorney-client relationship with Mr. Stolz and Royce, and several confirm that no services were provided in California. 11 U.S.C. § 108(a) provides that any unexpired statutes of limitation under applicable nonbankruptcy law, including claims for malpractice, are extended for at least two years from the date of a bankruptcy filing. Accordingly, the Trustee respectfully requests that this court dismiss the instant litigation without prejudice. The Trustee will review the allegations made by Mr. Stolz and Royce and, if appropriate, file a lawsuit against the defendants in Nevada.

Dated this 20th day of August, 2024.

**HOUMAND LAW FIRM, LTD.**

By: */s/ Jacob L. Houmand*
Jacob L. Houmand, Esq. (CA Bar No. 280926)
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:   702/720-3370
Facsimile:     702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*